ORIGINAL
FILED
IN CLERKS O...
? 8 2006 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DENNIS EDDINS,

                Plaintiff,

   -against-

ELIOT SPITZER, State Attorney General, the
State of New York,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-68 (FB)(LB)

*Appearances:*
*For the Plaintiff:*
DENNIS EDDINS, *Pro Se*
1212 McDonald Street
Fayetteville, TN 37334

**BLOCK, Senior District Judge:**

        On January 31, 2006, Magistrate Judge Bloom issued a Report and Recommendation ("R & R") recommending that the above-referenced case be dismissed pursuant to Fed. R. Civ. P. 4(m) for plaintiff Dennis Eddins's ("Eddins") failure to effect service upon defendant. The R & R stated that "the parties shall have ten (10) days from service of this Report to file written objections . . . with the Clerk of the Court" and that "[f]ailure to file a timely objection to this Report generally waives any further judicial review." R&R at 1 (citing, *inter alia*, *Marcella v. Capital District Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002)). Eddins has not filed any objections to the R&R.

        If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas*

*v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The R&R, which was mailed to plaintiff's last known address, provided notice of both plaintiff's right to object and the consequences of failing to do so.

The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing on the face of the R & R suggests plain error. Accordingly, the Court adopts the R & R without *de novo* review.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 27, 2006